FILED
United States Court of Appeals
Tenth Circuit

May 27, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DAVID EUGENE LITTLESUN,

      Petitioner-Appellant,

v.

DAVID PARKER, Warden of the
Crabtree Correctional Center,

      Respondent-Appellee.

No. 10-5023
(D.C. No. 06-CV-699-TCK-FHM)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **MURPHY, GORSUCH,** and **HOLMES,** Circuit Judges.

---

David Eugene Littlesun, an Oklahoma state prisoner, applies for a

certificate of appealability ("COA") to challenge the district court's denial of his

28 U.S.C. § 2254 petition for a writ of habeas corpus. Because the district court

correctly rejected Mr. Littlesun's claims on their merits, we deny his application

for a COA and dismiss his appeal.

\* \* \*

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Andrea Littlesun, the petitioner's wife, left her house at about 2:00 a.m. early one morning in April 2003 and went to the house of her neighbor, Bennie Melton, for help. Seeing that Ms. Littlesun was bruised and bleeding and that her clothes were torn, Ms. Melton called the police. The officers who arrived on the scene interviewed Ms. Littlesun and photographed her injuries. She told them her husband had abused her and held a knife to her throat. After they finished their interview, the officers went over to the Littlesun residence, where they discovered a level of disarray consistent with Ms. Littlesun's story. They also found the bloody knife described by Ms. Littlesun in the location where she told them it would be, and they matched the serrated blade of the knife to the cuts on Ms. Littlesun's neck. The police then helped Ms. Littlesun prepare a petition for an emergency protective order against her husband.

Based on these events, Mr. Littlesun was arrested and charged with two counts of domestic abuse and one count of assault and battery with a deadly weapon, each after "former convictions for two or more felonies." At the preliminary hearing that followed, though, Ms. Littlesun recanted her accusations, saying she had staged the assault and lied to the police in order to get even with her husband for refusing to give her money she wanted. Although Ms. Littlesun offered this same testimony at the bench trial that followed, the trial court nonetheless found Mr. Littlesun guilty of one of the domestic abuse counts, as well as assault and battery with a deadly weapon.

Mr. Littlesun's attempts to challenge his conviction by direct appeal and through a state petition for post-conviction relief proved unsuccessful. With the assistance of counsel, he then filed a 28 U.S.C. § 2254 habeas petition in federal district court, presenting the same claims as those rejected by the state courts. Applying the deference due to state court judgments under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the district court rejected Mr. Littlesun's claims on their merits, after which it also denied his application for a COA.

Mr. Littlesun now appeals that determination, which we may and do interpret as a renewed application for a COA. *See* Fed. R. App. P. 22(b). Under AEDPA's terms, we are permitted to issue a COA only if Mr. Littlesun makes a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citation and internal quotation marks omitted). Because it is undisputed that the state appellate court — here, the Oklahoma Court of Criminal Appeals ("OCCA") — adjudicated Mr. Littlesun's claims on the merits, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of . . . request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

Under those statutory terms, of course, we may grant a habeas petition only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Thus, we may grant Mr. Littlesun a COA only if reasonable jurists could find the OCCA's judgment falls prey to one of these deficiencies. Based on our review of the record, as well as Mr. Littlesun's brief, we conclude that he has not met that threshold for the two claims he presents in his petition.

*First*, Mr. Littlesun argues that his wife's recantation rendered the evidence presented at his trial insufficient as a matter of law to support his convictions, in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments. As Mr. Littlesun rightly acknowledges, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The OCCA expressly applied *Jackson* and held it met in this case.

Applying the deferential standards set out above, we see no basis on which we may issue a COA to review the OCCA's decision. Whether a sufficiency of the evidence challenge is, for AEDPA purposes, best viewed as raising a question of law (did the OCCA act contrary to, or unreasonably apply, *Jackson*?) or as

- 4 -

raising a question of fact (was the OCCA's sufficiency determination unreasonable in light of the facts before it?) is not "clearly settled" in this circuit. *See Dockins*, 374 F.3d at 939. But "[a]s in many of our recent cases . . . we need not decide this question here because Petitioner is not entitled to" a COA "under either standard." *Id.*

We look to Oklahoma law to determine the substantive elements of the two crimes for which Mr. Littlesun was convicted. The elements of domestic abuse are: (1) willfully; (2) unlawfully; (3) attempting or offering to use force or violence; (4) the use of force or violence; and (5) against the person of, among others, a current spouse. *See* Okla. Stat. tit. 21 § 644(C); *see also* Okla. Uniform Jury Instructions, Crim.2d § 4-26A. And the elements of assault and battery with a dangerous weapon are: (1) an assault and battery; (2) upon another person; (3) with a dangerous weapon; (4) without justifiable or excusable cause; and (5) with intent to do bodily harm. *See* Okla. Stat. tit. 21 § 645; *see also* Okla. Uniform Jury Instructions, Crim.2d § 4-12.

As our previous recitation of the facts makes clear, the State offered substantial and powerful evidence in its criminal proceeding to satisfy the elements of each of these two crimes, even considering Ms. Littlesun's recantation. The trial court examined the preliminary hearing testimony of the neighbor, Ms. Melton, regarding Ms. Littlesun's physical and emotional state. It heard from the police about the condition of the Littlesun residence and the knife

that was found there, as well as the marks on Ms. Littlesun's neck. And it admitted into evidence the protective order signed by Ms. Littlesun, which named Mr. Littlesun as the perpetrator of the assault against her.[1] Given all this evidence, reasonable jurists could not conclude that the OCCA's decision that sufficient evidence existed to support the verdict in Mr. Littlesun's case meets any of the thresholds required for a COA. *See Dockins*, 374 F.3d at 940.

*Second*, Mr. Littlesun argues that, in reaching its verdict, the trial court impermissibly relied on his refusal to make a statement to the police, in violation of his Fifth Amendment right against self-incrimination. To support his claim, Mr. Littlesun points to two statements made during his trial. First, in response to the prosecutor's query about whether the police questioned Mr. Littlesun at the time of his arrest, an officer testified that "I offered him to see if he wanted to give a statement but he refused." Aplt. App. Vol. II at 266. Second, in explaining its finding of guilt, the trial court seemed to rely on that testimony, noting that it "base[d]" its ruling in part on the fact that "Mr. Littlesun refused to give a statement [upon arrest] when [the police] encountered him at the convenience store." *Id.* at 330-31. These statements, Mr. Littlesun submits, violated the rule established in *Griffin v. California*, 380 U.S. 609 (1965), that the Fifth Amendment "forbids either comment by the prosecution on the accused's

---

[1] Notably, Mr. Littlesun hasn't raised any constitutional challenge to the trial court's admission of the protective order or to our consideration of it now.

silence or instructions by the court that such silence is evidence of guilt." *Id.* at 615.

As Mr. Littlesun concedes, though, his Fifth Amendment claim is subject to harmless error review. Accordingly, even if the district court's ruling violated Mr. Littlesun's Fifth Amendment rights, he's only entitled to habeas relief if that purported error "had substantial and injurious effect or influence" on the factfinder's determination. *United States v. Dago*, 441 F.3d 1238, 1245-46 (10th Cir. 2006) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). And, of course, we must import the deferential AEDPA standard into this analysis. Thus, at the end of the day, whatever the underlying merits of Mr. Littlesun's Fifth Amendment claim, we may grant a COA only if reasonable jurists could find that it was contrary to clearly established federal law or objectively unreasonable under that law for the OCCA to conclude, as it did, that any error was harmless.

Reasonable jurists, however, could not debate the OCCA's harmless error conclusion because, and again, there was so much other evidence in the record to support the trial court's finding of guilt beyond a reasonable doubt. The trial court explicitly based its verdict on, among other things, Ms. Littlesun's signing of the emergency protective order petition that identified her husband as the attacker, the knife recovered from the Littlesun residence, Ms. Littlesun's physical and emotional condition, and Ms. Melton's testimony. *See* Aplt. App. Vol. II at 331. Because reasonable jurists could not find the OCCA's harmless

error analysis of Mr. Littlesun's Fifth Amendment claim to be contrary to or an unreasonable application of clearly established federal law, we cannot grant a COA on that question.

*  *  *

The district court correctly rejected Mr. Littlesun's claims on their merits. Accordingly, we deny his application for a COA and dismiss this appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge